1  Joseph Y. Avrahamy, Esq. (SBN: 150885)
   **LAW OFFICES OF JOSEPH Y. AVRAHAMY**
2  16530 Ventura Boulevard, Suite 208
3  Encino, CA 91346
   Telephone (818) 990-1757
4
5  Attorneys for Plaintiff,
   TERI REINHARDT

FILED 2011 SEP -1 PM 3:00

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISON

| | |
|---|---|
| TERI REINHARDT,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES; DETECTIVE RON STILTZ; and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: CV11 07251 MMM VBKx<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Violation of 4th Amendment - False Arrest<br>2. Monell Claim<br><br>***DEMAND FOR JURY TRIAL*** |

PLAINTIFF TERI REINHARDT, HEREINAFTER REFERRED TO AS "PLAINTIFF", ALLEGES AS FOLLOWS FOR CLAIMS FOR RELIEF HEREIN:

## I
## JURISDICTION

1. This is an action for deprivation of civil rights under color of state law brought pursuant to the Title 42 United States Code Section 1983, for remedies for

Defendants' deprivation of Plaintiff's civil rights. By this action, Plaintiff seeks all relief to which he may be entitled, under both state and federal laws, including but not limited to compensatory and punitive damages, attorneys' fees and costs, and prejudgment interest. Jurisdiction of the subject matter of this action is established in this court pursuant to 28 U.S.C. Section 1331 and 1343, and over supplemental claims for relief arising under state law pursuant to 28 U.S.C. Section 1367(a).

## II
## VENUE

2. Venue lies in this Court pursuant to 28 U.S.C. Section 1391(b)(1) and (2).

## III
## CLAIMS FOR RELIEF

3. Plaintiff is an individual who at all times mentioned herein resided in the State of California.

4. Plaintiff is informed and believes and based thereon alleges that Defendants, and each of them, were and now are residents of the State of California.

5. Plaintiff is informed and believes and based thereon alleges that Defendant CITY OF LOS ANGELES, is and was, a governmental entity and was at all times mentioned herein, engaged in owning, operating, maintaining, managing and doing business as its own police department, the Los Angeles Police Department ("LAPD"), in the City of Los Angeles, State of California, and in the business of public safety for the residents of the City of Los Angeles. All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants and/or employees, and each of them, all of whom at all relevant times herein were acting within the course, purpose and scope of said agency, service and/or employment capacity. Moreover, Defendants and their agents ratified all of the acts complained of herein.

6. Defendants, DETECTIVE RON STILTZ, hereinafter referred to as "Stiltz", and DOES 1 through 10, Inclusive, were residents of the State of California, and were officers, detectives, lieutenants, captains and/or civilian employee agents, policy

makers and representatives of the Los Angeles Police Department. At all times relevant hereto, said Defendants were acting within the course and scope of their employment as officers, detectives, lieutenants, captains, and/or civilian employee agents, policy makers and representatives of the Los Angeles Police Department. The wrongful acts hereinafter described flow from the very exercise of their authority. Each Defendant named herein is sued in his/her individual and official capacity.

7. Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, Defendants and DOES 1 through 10, inclusive, were employed by or were agents of the City of Los Angeles. Plaintiff is informed and believes that DOES 1 through 10, inclusive are residents of Los Angeles County, State of California.

8. At all times herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every defendant named and unnamed in this complaint.

9. The true names or capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Each Defendant is sued individually and in his/her official capacity as defined in the present complaint. Plaintiff will seek leave to amend this complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

10. Plaintiff is informed and believes and thereon alleges that, at all times mentioned, each of the Defendants, including the fictitiously named defendants, was the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope and course of such agency.

## IV
## STATEMENT OF FACTS

11. Plaintiff realleges and incorporates by reference, as though fully set forth

herein, each and every allegation set forth in paragraphs 1 through 10, inclusive.

12. At the time of the alleged incidents, Plaintiff was employed as a deputy with the Los Angeles County Sheriff's Department ("LASD").

13. On or about February 23, 2010, Plaintiff was involved in an auto collision which damaged here vehicle, a 1997 Lexus LX 450. The vehicle was repaired at Premium Collision Repair, Inc.

14. In May of 2010, Plaintiff noticed that her vehicle was leaking fluids and returned to Premium for diagnosis of the leak. After attempting to diagnose and repair the leak, Premium informed the Plaintiff that it was unable to locate the origin of the leak and that the vehicle would have to be towed to Keys Lexus in Van Nuys for diagnosis and repair. Plaintiff authorized Premium to send the vehicle to Keys Lexus.

15. After the vehicle was delivered to Keys Lexus, Premium notified Plaintiff that the vehicle had a leaking hose that required replacement. Plaintiff was advised by Premium that that the repair cost was $2,200.00 but because of an established business relationship between Plaintiff and Premium, the repair would cost the Plaintiff $1,000.00 which Plaintiff authorized.

16. In approximately June 30, 2011, after the repairs were completed by Keys and Premium, Plaintiff picked up the vehicle from Premium and paid the $1,000 for the repair. At the time that Plaintiff was picking up the vehicle she noticed that the vehicle was still leaking liquid and that the problem was not repaired.

17. Premium returned the vehicle to Keys Lexus to correct the leak. At that time, Plaintiff received a no charge loaner vehicle from Keys Lexus for the period that her car remained at Keys Lexus for the diagnosis and repair of the leak.

18. Several weeks after Plaintiff's vehicle was towed to Keys for the second repair, Plaintiff received a call from Keys and was advised that it would cost $3,200 for the repair. Plaintiff believed that since the previous estimate for the original repair was $2,200, and the new estimate was for $3,200, she would be responsible for a payment of an additional $1,000.00 for the new repairs. Keys Lexus in violation of the California Code of Regulations failed to obtain a signed authorization from the

4
COMPLAINT FOR DAMAGES

Plaintiff for the additional repairs before commencing repairs.

19. On September 23, 2010, Keys contacted Plaintiff and informed her that the repair of her vehicle was completed, that her vehicle could be retrieved and that she would need to return the loner car. Plaintiff was informed that the cost of the repair was $5,000. Plaintiff was shocked by the cost of the repair because she believed that she would need to pay an additional $1,000 above the $1,000 that she previously paid for the additional repairs.

20. Keys demanded that Plaintiff return the loner car and that Plaintiff pay $5,000 for the repair of her vehicle. Plaintiff stated that she would return the loner car and pay $1,000 for the repair of her vehicle, which was the amount she was led to believe would be owed. Keys did not agree and demanded payment of the approximately $5,000 repair invoice and return of the loner car.

21. Despite the fact that the dispute between Keys and Plaintiff was a civil dispute, relating to the amount owed by Plaintiff and whether Plaintiff was required to return the loner vehicle before her car was released, in approximately October of 2010, Keys contacted Detective Stiltz and reported that the loner car was stolen.

22. On information and belief it is alleged that Keys did not report the stolen vehicle through proper channels i.e. by filing a police report, and used personal connections they had with LAPD to contact Defendant Stiltz. Once Stiltz became aware of the matter, rather then informing Keys that the matter was a civil matter and not a criminal matter, Stiltz proceeded to handle the matter as a criminal matter.

23. On October 20, 2010, Stiltz contacted Plaintiff and Plaintiff's 's supervisor at the LASD, Commander Conti-who happened to be a retired LAPD Captain- demanding that Plaintiff return the loner vehicle to Keys Lexus. Commander Conti communicated with Plaintiff and informed her that if she did not return the loner vehicle, Detective Stiltz was going to enter the vehicle into the Stolen Vehicle System and name the Plaintiff as a suspect. Plaintiff informed Commander Conti, that Keys that she had a civil dispute with Keys Lexus about the amount she owes for the repair and that she offered to return the loner car if Keys would accept $1,000 for the repair

5
COMPLAINT FOR DAMAGES

of the vehicle. Commander Conti continued to demand that Plaintiff return the vehicle regardless of Plaintiff's position pertaining to her dispute with Keys Lexus.

24. On October 20, 2010, Plaintiff called Detective Stiltz and tried to explain to him her dispute with Lexus and her position about the amount that they were demanding for payment of the repairs and Plaintiff explained that she did not authorize repairs for payment of $5,000. Detective Stiltz informed the Plaintiff that her vehicle was not his concern and his job was to retrieve the loner car for Lexus. Stiltz demanded that Plaintiff return the car and Plaintiff informed Detective Stiltz that she wanted her car in return for the loner car.

25. Plaintiff had her union attorney intervene on her behalf with her commander, and her attorney informed the LASD commander that Plaintiff's dispute with Keys Lexus is a civil dispute and that the LASD should not intervene on behalf of Keys Lexus.

26. On October 20, 2010, as a result of Detective Stiltz's improper conduct of contacting Plaintiff's LASD commander, Plaintiff filed a complaint against Detective Stiltz with LAPD.

27. On November 2, 2010, Plaintiff's attorney corresponded with Keyes Lexus in an attempt to resolve the matter. There was an agreement that the loner car would be returned to Lexus and the loner car was returned on November 8, 2010. Plaintiff also agreed to pay $1,000 for the repair of her vehicle and her vehicle was released with the remaining amount claimed by Keys Lexus remaining in dispute.

28. On November 9, 2010, Detective Stiltz, after the loner car was returned to Keys Lexus, contacted Keys Lexus and inquired as to whether Keys Lexus seeks prosecution of the Plaintiff. Stiltz reported that Keys Lexus wanted to prosecute the Plaintiff from criminal charges because of the "hardship of not having the loan vehicle for customers."

29. Detective Stiltz initiated the filing of criminal charges against the Plaintiff for violation of California Vehicle Code Section 10851(a) for theft of the loner car.

30. Detective Stiltz presented an investigative report to the City Attorney's office

for the initiation of the criminal charges that failed to include that Keys Lexus refused to release the Plaintiff's vehicle and that there was a dispute over the amount that Plaintiff owed Keys Lexus for the repair of the vehicle. Despite having Plaintiff's statement and knowing that there was an investigation from the Automotive Bureau of Repair, related to inappropriate conduct by Keys Lexus, Stiltz prepared a one-sided skewed report which was relied on by the City's Attorney's office to initiate the criminal proceedings against the Plaintiff.

31. The report from the Automotive Bureau of Repair dated November 2, 2010, cited Keys Lexus for various violations of the Business and Professions Code and of the California Code of Regulations resulting from its interactions with the Plaintiff. In addition to citations for making false or misleading statements, Keys was cited for failure to obtain a signed authorization from the Plaintiff prior to commencing the repairs and for failing to properly document customer authorization for the additional repairs.

32. Had Stitlz conducted a proper and thorough investigation which would have included Plaintiff's version of events and the violations of Keys Lexus as cited by the Automotive Bureau of Repair, he would have reached the conclusion that the dispute between Plaintiff and Keys Lexus was a civil dispute and that there was no probable cause that Plaintiff committed a crime. It is alleged based on information and belief that Stitlz or other members of the LAPD had a personal relationship with Keys Lexus, which affected the decision to initiate criminal proceedings against the Plaintiff.

33. Based on the omission of pertinent exculpatory facts from the investigation report, a Misdemeanor Complaint was filed against the Plaintiff for violation of California Vehicle Code Section 10851(A).

34. On December 13, 2010, as a result of the filing of a criminal complaint against the Plaintiff, the Plaintiff was relieved of duty as a deputy with the LASD. Plaintiff was required to hand in her gun and badge and she had to report to Internal Affairs Bureau.

35. On January 3, 2011, Plaintiff was arraigned and Plaintiff pleaded not guilty

and was released on her own recognizance.

36. On April 7, 2011, Plaintiff's criminal case was dismissed for the stated reason of "Delay".

37. On June 18, 2011, Plaintiff was informed that her commander at the LASD had inactivated the criminal monitoring because the criminal case was dismissed and Plaintiff was informed that she was no longer relieved of duty.

## INJURIES TO PLAINTIFF

38. As a result of the conduct of the Defendants as stated above and the resulting consequences caused by being relieved of duty from the LASD, Plaintiff has suffered and will continue to suffer from physical past and future pain and suffering, emotional distress and mental suffering, humiliation from publicity, loss of dignity from initiation of criminal charges, loss of liberty, defamation of character, and stress. In addition, Plaintiff has incurred loss of pay and loss of promotional opportunities within the LASD, and as a result of the stress and humiliation of being relieved of duty, Plaintiff has being out on stress leave from the LASD due to emotional stress, mental suffering and the physical manifestations of the stress, anxiety and mental suffering.

## V

## FIRST CAUSE OF ACTION
## VIOLATION OF FOURTH AMENDMENT AND FOURTEENTH AMENDMENT OF UNITED STATES CONSTITUTION
## (42 U.S.C. §§1983 AND 1988)
## BY PLAINTIFF AGAINST DEFENDANT STILTZ AND ALL INDIVIDUALLY NAMED DEFENDANTS IN THE THEIR OFFICIAL AND INDIVIDUAL CAPACITY AS DOES 1 THROUGH 10, INCLUSIVE

39. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 36, inclusive.

40. This cause of action arises under Title 42 United States Code, §§ 1983 and 1988 wherein Plaintiff seeks to redress deprivation under color of state law of a right,

privilege or immunity secured under the Fourth Amendment and applied to the State under the Fourteenth Amendment.

41. As a result of above described intentional acts and omissions of the Defendants and each of them, Plaintiffs' constitutional right that is the Fourth Amendment was violated when without a proper investigation and without probable cause, Defendants caused the wrongful arrest of the Plaintiff for crimes that Plaintiff did not commit.

42. The above referenced acts and omissions of Defendants and each of them, were conducted in their law enforcement capacity.

43. Plaintiff is informed and believes and thereby alleges that at all times mentioned herein, the named individual Defendants and DOES 1 through 10, inclusive, and each of them, were duly appointed, qualified and acting Los Angeles Police Department agents/employees, in the City of Los Angeles, State of California, and that at all times mentioned herein, were acting within the course and scope of such capacities under the color of the state law.

44. Defendants and DOES 1 through 10, inclusive, and each of them, failed and refused to intervene or prevent or try to prevent the wrongful conduct of the other.

45. As a result of the wrongful acts of Defendants City of Los Angeles and DOES 1 through 10, inclusive, Plaintiff has suffered emotional distress and mental suffering, humiliation from publicity, shock and fear from loss of dignity from the initiation of criminal proceedings, fear of loss of liberty, defamation of character, and stress, the exact amount of which will be determined at trial. In addition, Plaintiff has suffered from pass and future loss of earnings resulting from actions taken by LASD which resulted from the filing of criminal charges. Plaintiff claims damages from, Defendants, and each of them, in a sum to be determined by this Court.

46. The aforementioned acts and omissions of each Defendant was done by each Defendant knowingly, intentionally, willfully, maliciously or with such callous disregard with purpose of harassment, oppression and infliction of injury upon the Plaintiff. This was done with reckless, wanton and callousness of Plaintiff's civil

rights and by reason thereof Plaintiff claims exemplary and punitive damages from Defendants and DOES 1 through 10, inclusive, except Defendant Los Angeles World Airports, in the sum determined by this Court, to deter, prevent and educate said Defendants from ever inflicting such injuries again upon any individual.

47. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff retained attorneys to represent her and did incur investigation costs, expenses, attorneys' fees, and legal costs. Plaintiff requests payments by Defendants, and each of them, for compensation of fees and costs pursuant to Title 42 U.S.C. § 1988.

## VI

### SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983 – MONELL CLAIM, 42 U.S.C. §1985; AND 42 U.S.C. §1988) BY PLAINTIFF AGAINST DEFENDANT CITY OF LOS ANGELES AND DOES 1 THROUGH 10, INCLUSIVE

48. Plaintiff realleges and incorporates by reference, as though fully set forth herein, each and every allegation set forth in paragraphs 1 through 45, inclusive.

49. Defendants City of Los Angeles, and DOES 1 through 10, inclusive, are alleged to have maintained a policy, custom and pattern, permitting the occurrence of the type of wrongs described herein and through their official policy makers, promulgating a policy that permitted and caused the occurrence of the wrongs described herein. In addition, Defendants were reckless in the hiring, training, and supervision of their patrol officers and based on the principal set forth in *Monell vs. New York City Department of Social Services (1978) 436 U.S. 648* and *Heller vs. Bushey (9th Cir. 1985) 759 F.2d 1371*, are liable for all injuries sustained by Plaintiff.

50. In perpetrating the above referenced acts and omissions, the Defendant City of Los Angeles, was at all relevant times herein, a municipality, and the individual Defendants and DOES 1 through 10, inclusive were at all times herein mentioned, its agents/employees.

51. Plaintiff's civil rights were violated under 42 U.S.C. §1983 when as a result

of Defendants' conduct as stated herein, Defendants caused a wrongful arrest of Plaintiff without procedural due process rights.

52. The acts and failures to act as alleged herein also result from a custom, practice or policy of inadequate training, and the injuries suffered by Plaintiff as alleged herein were caused by such inadequate training and supervision.

53. Therefore, Defendant City of Los Angeles and DOES 1 through 10, inclusive, are liable for Plaintiff's injuries pursuant to 42 U.S.C. §1983 and *Monell vs. New York City Department of Social Services* (1978) 436 U.S. 648 690, 694; *Karim-Panahi vs. Los Angeles Police Department*, 839 F.2d 621 (1988); see also, *Leatherman vs. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993) (rejecting application of heightened pleadings standard in municipal liability cases).

54. As a result of the above described intentional acts and omissions of the Defendants and each of them, Plaintiff's constitutional rights, that is, the Fourth, Fifth, and Fourteenth Amendments were violated when criminal charges were initiated against her and she was arrested without probable cause.

55. As a result of the wrongful acts of Defendants City of Los Angeles and DOES 1 through 10, inclusive, Plaintiff has suffered emotional distress and mental suffering, humiliation from publicity, shock and fear from removal from familiar surroundings, loss of dignity from the initiation of criminal proceedings, fear of loss of liberty, defamation of character, and stress, the exact amount of which will be determined at trial. Accordingly, Plaintiff seeks compensation from above Defendants, including attorneys' fees, pursuant to 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff prays for judgment on all causes of actions against the Defendants as follows:

1. For general damages in an amount according to proof;
2. For special damages in an amount according to proof;
3. For punitive damages in an amount appropriate to punish Defendants, except Defendants City of Los Angeles, for their wrongful conduct and as

an example for attorneys fees pursuant to Title 42 of the United States Code, Section 1988(b);

4. For costs of suit herein incurred;

5. For interest allowed by law; and

3. For such other and further relief as the Court may deem just and proper.

Dated: August 30, 2011          **LAW OFFICES OF JOSEPH Y. AVRAHAMY**

By: _____
JOSEPH Y. AVRAHAMY,
Attorneys for Plaintiff,
TERI REINHARDT

## **DEMAND FOR JURY TRIAL**

The Plaintiff in the above entitled action request a trial by jury pursuant to Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: August 30, 2011          **LAW OFFICES OF JOSEPH Y. AVRAHAMY**

By: _____
JOSEPH Y. AVRAHAMY,
Attorneys for Plaintiff,
TERI REINHARDT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Victor B. Kenton.

The case number on all documents filed with the Court should read as follows:

**CV11- 7251 MMM (VBKx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

JOSEPH Y. AVRAHAMY, ESQ. (SBN: 150885)
LAW OFFICES OF JOSEPH Y. AVRAHAMY
16530 Ventura Boulevard, Suite 208
Encino, CA  91436
(818) 990-1757

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI REINHARDT,<br><br>                                    PLAINTIFF(S)<br>                    v.<br>CITY OF LOS ANGELES; DETECTIVE RON STILTZ; and DOES 1 through 10, Inclusive,<br><br>                                    DEFENDANT(S). | CASE NUMBER<br><br>**CV11 07251 MMM VBK**<br><br>**SUMMONS** |

TO:    DEFENDANT(S):  <u>CITY OF LOS ANGELES; DETECTIVE RON STILTZ; and DOES 1 to 10</u>

A lawsuit has been filed against you.

Within  <u>21</u>  days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, <u>JOSEPH Y. AVRAHAMY</u>, whose address is <u>16530 Ventura Blvd., Suite 208, Encino, CA  91436</u>.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:    <u>SEP - 1</u>             By:    **CHRISTOPHER POWERS**
                                                   Deputy Clerk

                                                *(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                                                    SUMMONS

JOSEPH Y. AVRAHAMY, ESQ. (SBN: 150885)
LAW OFFICES OF JOSEPH Y. AVRAHAMY
16530 Ventura Boulevard, Suite 208
Encino, CA 91436
(818) 990-1757

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI REINHARDT,<br><br>PLAINTIFF(S)<br>v.<br>CITY OF LOS ANGELES; DETECTIVE RON STILTZ; and DOES 1 through 10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV11 07251 MMM VBKx**<br><br>SUMMONS |

TO: DEFENDANT(S): <u>CITY OF LOS ANGELES; DETECTIVE RON STILTZ; and DOES 1 to 10</u>

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>JOSEPH Y. AVRAHAMY</u>, whose address is <u>16530 Ventura Blvd., Suite 208, Encino, CA 91436</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: SEP - 1 2011

By: CHRISTOP___
Deputy Clerk

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)   SUMMONS

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
TERI REINHARDT,

**DEFENDANTS**
CITY OF LOS ANGELES; DETECTIVE RON STILTZ; and DOES 1 through 10, Inclusive,

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Joseph Y. Avrahamy, Esq. (SBN: 150885)   (818) 990-1757
LAW OFFICES OF JOSEPH Y. AVRAHAMY
16530 Ventura Blvd., Suite 208, Encino, CA 91436

**Attorneys** (If Known)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C. Section 1331 and 1343; 1367(a) - Violation of 4th Amendment- False Arrest; Monell Claim

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☒ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**CV11 07251**

**FOR OFFICE USE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

***Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date August 30, 2011

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |