

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERI REINHARDT, | Case No. CV-11-07251 MMM (VBKx) |
| Plaintiff, | ~~[PROPOSED]~~ PROTECTIVE ORDER RE PRODUCTION OF CONFIDENTIAL PEACE OFFICER PERSONNEL INFORMATION |
| v. | |
| DETECTIVE RON STILZ; and DOES 1 through 10, Inclusive, | Hon. Victor B. Kenton |
| Defendants. | |

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** as follows:

The LOS ANGELES COUNTY SHERIFF DEPARTMENT (hereafter, "Sheriff Department") is producing, pursuant to Defendant's Subpoena, information contained in Plaintiff TERI REINHARDT'S personnel file. The Plaintiff's personnel file contains documents which are deemed confidential, under California state law. See Cal Pen Code §§ 832.7. The documents are produced pursuant to Court Order; and, are produced pursuant to the privacy considerations recognized by the federal court subject to a protective order. See Kelly v. City of San Jose, 114 F.R.D. 653, 656 (N.D. Cal. 1987; Miller v. Pancucci, 141 F.R.D. 292, 300 (C.D. Cal. 1992).

1. All documents and/or information, including Compliance Pleadings and information derived from the Reinhardt Personnel File, (collectively, "CONFIDENTIAL INFORMATION") produced by the Sheriff Department are the subject of this Protective Order, including but not limited to the reason(s) for her absences from work at the Sheriff Department, the reasons for being denied promotions and the nature/extent of the claimed damages:

2. All documents produced by the Sheriff Department in the categories set forth above shall be marked "CONFIDENTIAL." If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the producing party. The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced by the Sheriff Department pursuant to Court Order is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

3. All documents produced by the Sheriff Department in conjunction with this Court's Order subsequent to the entry of this Protective Order shall be subject to this Protective Order, and shall be deemed CONFIDENTIAL INFORMATION.

4. All CONFIDENTIAL INFORMATION provided in accordance with this Order may be used for all proceedings in this matter only, including law and motion, trial and/or appeal. However, in the event that CONFIDENTIAL INFORMATION is used in any such proceedings, the party submitting the CONFIDENTIAL INFORMATION must seek an order sealing that portion of the record.

5. If any information and/or documents which are the subject of this Protective Order are presented to this or any other court in any other manner prior to the time of trial, said information and/or documents shall be lodged under seal, pursuant to Local Rule 79-5.1, and with an appropriate application made to United States District Judge Margaret M. Morrow or United States Magistrate Judge Victor B. Kenton, for lodging under seal, in an envelope clearly marked as follows:

**"CONFIDENTIAL AND MATERIAL SUBJECT TO A PROTECTIVE ORDER. CASE NO.: CV-11-07251 MMM (VBKx)."**

6. Testimony taken at any deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding. Arrangements shall be made by the party noticing the deposition with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly. In the event that the Court rules that the CONFIDENTIAL INFORMATION is admissible, then the Court and/or jury may review said CONFIDENTIAL INFORMATION in open court in order to determine issues before the Court.

7. All CONFIDENTIAL INFORMATION produced in accordance with the Order shall not used in any deposition, legal proceeding, or in any other forum than the instant case, nor shall the CONFIDENTIAL INFORMATION be disseminated in any form, except by court order, or until such time as the "CONFIDENTIAL" designation is removed by

agreement of counsel for the parties or by further order of this Court.

8.   CONFIDENTIAL INFORMATION shall be viewed only by: (1) the Court and its staff; (2) counsel of record for the receiving party, including associates, clerks, and secretarial staff for such parties, (3) independent experts retained by parties (and approved by the other parties), and (4) any associates, assistants, investigators and secretarial personnel of such experts and other persons designated by agreement of counsel for the parties, and so long as said experts have agreed in writing in advance of any disclosure of CONFIDENTIAL INFORMATION to be bound by this Protective Order.  In the event an individual does not consent to be bound by this Protective Order, no disclosure of CONFIDENTIAL INFORMATION will be made to such individual.  The Court and its staff may review all matters, which pertain to the discussion of the CONFIDENTIAL INFORMATION, including law and motion matters, consistent with this confidentiality agreement in respect to the CONFIDENTIAL INFORMATION.  In the event that the Court rules that the CONFIDENTIAL INFORMATION is admissible, then the Court and its staff, and/or jury may review said CONFIDENTIAL INFORMATION in open court in order to determine issues before the Court.

9.   CONFIDENTIAL INFORMATION produced in connection with this Order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the CONFIDENTIAL INFORMATION may be divulged to the media and the public.

10.  Defense counsel may not disclose directly to the Plaintiff, either orally or in writing, the addresses and telephone numbers of

any witnesses identified in CONFIDENTIAL INFORMATION, but may discuss with Plaintiff the information obtained from any investigation conducted as a result of disclosed CONFIDENTIAL INFORMATION.

11. In the event that any CONFIDENTIAL INFORMATION is used or referred to during the course of any court proceeding in this action, such CONFIDENTIAL INFORMATION shall not lose its confidential status through such use.

12. Counsel for both parties, and those individuals authorized to review the CONFIDENTIAL INFORMATION in connection with this civil matter are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally disclosing any of the disclosed CONFIDENTIAL INFORMATION to any person or entity for any purpose.

13. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL INFORMATION.

14. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order. This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order, including but not limited to monetary sanctions, judicial sanctions, issue preclusion, and contempt. Any such request for

injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

15. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of CONFIDENTIAL INFORMATION, shall survive the final termination of this case, whether such termination is by settlement, judgment, appeal or otherwise, until further order of the court.

16. Upon termination of the instant case, including the exhaustion of all appeals, the respective parties must; (1) Return any and all CONFIDENTIAL INFORMATION or information designated as confidential, including deposition transcripts, to the Sheriff Department's attorney of record for this matter, within twenty (20) days following termination of this matter; or and in the alternative, (2) the respective parties must shall destroy all CONFIDENTIAL INFORMATION obtained from the Sheriff Department and provide to counsel of record for the Sheriff Department a Certification of Destruction of all CONFIDENTIAL INFORMATION.

17. Production of all CONFIDENTIAL INFORMATION ordered disclosed by this Court shall take place on or before __14 days__.

**IT IS SO ORDERED.**

DATED: __6/11/12__    BY: _____
                          UNITED STATES MAGISTRATE JUDGE